UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-60558-Cooke-Bandstra**

JOEL D. LUCOFF and
MORTON LUCOFF,

    Plaintiffs,

v.

RUBIN & DEBSKI, P. A.,

    Defendant.

```
FILED by  VT   D.C.
ELECTRONIC

April 15, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls and sent letters into this District.

## PARTIES

3. Plaintiff, JOEL D. LUCOFF, is a natural person, over age 18, and citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff, MORTON LUCOFF, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. Plaintiff, MORTON LUCOFF, is the father of Plaintiff, JOEL D. LUCOFF.

6. Defendant, RUBIN & DEBSKI, P.A., is a business entity with its principal place of business at Suite 400, 4417 Beach Boulevard, Jacksonville, Florida 32207.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff, MORTON LUCOFF, two alleged debts both arising from transactions incurred for personal, family or household purposes.

2

12.   Defendant left the following messages on Plaintiff, JOEL D. LUCOFF'S voice mail on his cellular telephone on or about the dates stated:

<u>March 19, 2008 and April 15, 2008</u>
This message is for _____. Please call Pat Rogers with Rubin and Debski at 877-815-4829. Thank you.

<u>March 27, 2008</u>
Hello. This message is for Morton Lucoff. This is Britney Taylor with Rubin and Debski. Please return the phone call to 877-815-4829.

<u>April 10, 11, 2008</u>
This is a message for Morton Lucoff. Please call Justin Redell with Rubin and Debski. Telephone number 877-815-4829. Thank you.

<u>April 12, 2008</u>
This message is for Morton Lucoff. Please call Maria at Rubin and Debski. Telephone number 877-815-4829. Thank you.

<u>April 17, 2008</u>
Message for Morton Lucoff. Please call Justin Redell at Rubin and Debski. Telephone number 877-815-4829. Thank you.

<u>April 18, 2008</u>
This is a message for Morton Lucoff. This is Joy Conklin with Rubin and Debski. Morton please call me back at 877-815-4829. Thank you.

<u>April 21, 2008</u>
This message is for Morton Lucoff. This is Joy Conklin with Rubin and Debski. Morton, please call me at 877-815-4829. Thank you.

13.   Based upon information and belief, Defendant left similar messages on other occasions. (Collectively, "the telephone messages").

3

14. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15. The messages were direct communications with Plaintiff, JOEL D. LUCOFF.

16. Some of the messages were addressed Plaintiff, MORTON LUCOFF, and are indirect communications with MORTON LUCOFF.

17. Defendant failed to inform Plaintiff, MORTON LUCOFF, that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

18. Based upon information and belief, Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiffs.

19. Plaintiff, JOEL D. LUCOFF, heard Defendant's telephone messages addressed to Plaintiff, MORTON LUCOFF.

20. Plaintiff, MORTON LUCOFF, did not authorize Defendant to communicate with JOEL D. LUCOFF.

21. No court authorized Defendant to communicate with JOEL D. LUCOFF.

22. Defendant filed suit against Plaintiff, MORTON LUCOFF, in Broward County, Florida in an effort to collect the alleged debt.

23. At no time material to the allegations of this complaint did Plaintiff, MORTON LUCOFF, reside in Broward County, Florida.

24. Plaintiff, MORTON LUCOFF, did not sign any contract giving rise to the alleged debt sued upon in Broward County, Florida.

25. Defendant communicated with Plaintiff, MORTON LUCOFF, by causing a court order to be sent directly to MORTON LUCOFF, when Defendant knew MORTON LUCOFF was represented by counsel.

26. Counsel for MORTON LUCOFF had not consented to Defendant's communication with MORTON LUCOFF.

27. Counsel for MORTON LUCOFF had not failed to respond to any communication of Defendant within a reasonable amount of time.

28. No court had authorized Defendant's communication directly with Plaintiff, MORTON LUCOFF.

29. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff, JOEL D. LUCOFF'S cellular telephone within four years of the filing of this complaint.

30. Plaintiff, JOEL D. LUCOFF, did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic

5

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

31. None of Defendant's telephone calls placed to Plaintiff, JOEL D. LUCOFF, were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

32. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

33. Plaintiff incorporates Paragraphs 1 through 32.

34. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff, MORTON LUCOFF, requests that the Court enter judgment in favor of Plaintiff, MORTON LUCOFF, and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

35. Plaintiff incorporates Paragraphs 1 through 32.

36. Defendant placed telephone calls to Plaintiff, MORTON LUCOFF, without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff, MORTON LUCOFF, requests that the Court enter judgment in favor of Plaintiff, MORTON LUCOFF, and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

37. Plaintiff incorporates Paragraphs 1 through 32.

38. Defendant communicated with an unauthorized third-party, JOEL D. LUCOFF, in connection the collection of the alleged debt of MORTON LUCOFF in violation of 15 U.S.C. §1692c(b).

7

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FILING SUIT IN AN IMPERMISSIBLE COUNTY

39.    Plaintiff incorporates Paragraphs 1 through 32.

40.    Defendant filed suit against Plaintiff, MORTON LUCOFF, in Broward County, Florida when MORTON LUCOFF did not reside in, nor did he sign any contract sued upon, in Broward County, Florida in violation of 15 U.S.C. §1692i.

WHEREFORE, Plaintiff, MORTON LUCOFF, requests that the Court enter judgment in favor of Plaintiff, MORTON LUCOFF, and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

41.    Plaintiff incorporates Paragraphs 1 through 32.

42. Defendant communicated with Plaintiff, MORTON LUCOFF, when Defendant knew Plaintiff, MORTON LUCOFF, was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff, MORTON LUCOFF, requests that the Court enter judgment in favor of Plaintiff, MORTON LUCOFF, and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

43. Plaintiff incorporates Paragraphs 1 through 32.

44. Defendant asserted the right to collect a debt by leaving repeated telephone messages intended for Plaintiff, MORTON LUCOFF, without disclosing that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff, JOEL D. LUCOFF'S cellular telephone to which Plaintiff, JOEL D. LUCOFF, had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VII
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

45. Plaintiff incorporates Paragraphs 1 through 32.

46. By failing to disclose that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls intended for Plaintiff, MORTON LUCOFF, to Plaintiff, JOEL D. LUCOFF'S cellular telephone to which Plaintiff, JOEL D. LUCOFF, had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VIII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff incorporates Paragraphs 1 through 32.

48. Defendant placed non-emergency telephone calls to Plaintiff, JOEL D. LUCOFF'S cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff, JOEL D. LUCOFF'S prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JOEL D. LUCOFF, requests that the Court enter judgment in favor of Plaintiff, JOEL D. LUCOFF, and against Defendant for:

    a. Damages; and

    b. Such other or further relief as the Court deems proper.

## COUNT IX
## DECLARATORY AND INJUNCTIVE RELIEF

49. Plaintiff incorporates Paragraphs 1 through 32.

50. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiffs seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

51. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

52. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff, JOEL D. LUCOFF, seeks a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or pre-recorded or artificial voice without that person's prior express consent.

53. Plaintiffs seeks a permanent injunction prohibiting Defendant from engaging in debt collection practices violative of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the TCPA and the FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 15 day of April, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Joel D. Lucoff and Morton Lucoff

**DEFENDANTS**

Rubin & Debski, P. A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **DADE**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09CV60558- Cooke-Bandstra

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 1-2 days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle / ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment / ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   CLASS ACTION No   DEMAND $ N/A

☐ Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   DOCKET NUMBER

DATE: April 16, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No._____   Amount: 350.00
Date Paid:_____   M/ifp:_____

S/F 1-2
REV. 9/94